WALTER J. NORTH, ADMINISTRATOR OF THE ESTATE OF JAMES W.
NORTH, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed March 3, 1919.*

GOVERNMENTAL FUNCTION—*University of Illinois.* The State in conducting the University of Illinois exercises a governmental function, and is not liable for injuries sustained by its employees.

EMPLOYERS LIABILITY ACT—*University of Illinois not within its provisions.* The University of Illinois, and its employees do not come within the provisions of the Employers Liability Act. (*North* v. *University of Illinois*, 201 App. 449.)

Edward J. Brundage, Attorney General, for State.

Findings of the law and fact made by the Court of Claims at the special request of Governor Frank O. Lowden:

The evidence shows in this case that from February 1st, 1913, until December 5th, 1913, James W. North, deceased, was employed by the Board of Trustees of the University of Illinois, in its medical department, at 508 Honore street, Chicago, Illinois, as curator, at $70.00 per month. Among his duties was that of moving cadavers from floor to floor of the medical school. These cadavers were delivered to him in the basement of the building by the Demonstrators' Association, and were placed by him on a freight elevator and taken to either the fourth, fifth or sixth floor for preparation for dissecting.

North was last seen on the evening of December 4th, 1913. On December 5th, 1913, his body was discovered at the bottom of the elevator shaft with a dissecting table and a cadaver lying upon him. The elevator was on the sixth floor. The exact manner of his death, or the cause of the accident, is unknown, and does not appear from the evidence. The evidence shows that he fell through the elevator shaft with a cadaver and table. The fall was the cause of his death. A number of witnesses testified that the elevator was defective in minor matters, but there is no evidence showing or tending to show that these defects were the cause of the accident.

At the time of his death James W. North was an employe, as aforesaid, of the State University, and we find that his death grew out of his employment while working in the line of his duty. He left him surviving a wife and four minor children. He was the sole support of his family, and left them without means of support.

The administrator in this case filed a claim before the Industrial Board of Chicago. The Industrial Board entered an order against the

University of Illinois, allowing the administrator the sum of $3,500, payable in installments of $8.75 per week. The Circuit Court approved this finding of the Industrial Board and University appealed to the Appellate Court. The Appellate Court found that the employes of the University of Illinois did not come under the Employers' Liability Act, and the claim of the administrator was defeated. (See *North* v. *University of Illinois,* 201 App. 449).

From the foregoing facts we find as follows:

*First*—That at the time of his death James W. North was working for the University of Illinois; that the University of Illinois is a branch of the State Government and is performing governmental functions, and that the State of Illinois is not legally liable for any negligence of the authorities or employees of the State University, and that there is no legal liability in this case.

*Second*—We find that if James W. North at the time of his death came under the Employers' Liability Act, and if the employees of the University of Illinois were protected thereby, that the State would be liable, under said Act in this case, for the death of James W. North and that $3,500 would be a proper sum to award the administrator in this case if the State elected to treat this matter the same as though the Employers' Liability Act applied.

*Third*—We find that it would be just and proper in this case for the State to pay a sum not exceeding $3,500 to the administrator and claimant in this case.

*Fourth*—We find that this claim was technically barred by the Statute of Limitations. However, the administrator, ever since the death of James W. North, has been constantly and continually undertaking to recover from the State on account of the death aforesaid, first, through the Industrial Board and from that through the courts of the State, and afterwards, when the Appellate Court had decided he could not recover, the administrator took the matter up with the Legislature and has, at a number of sessions, sought relief by getting an appropriation through the Legislature.

We do not think that the claimant in this case has slept on his rights, but has done everything he could in the nature of the case to bring his claim to the attention of the authorities of the State, and that it would be a hardship in this case to set up the Statute of Limitations as a defense and we think it would be unjust for the State to do so in this case.